**Kathleen M. McDERMOTT,
Plaintiff-Appellant,**

v.

**CAROSAL DEVELOPMENT, et al.,
Defendant-Respondent.**

**No. 45127.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 15, 1983.

Ray A. Gerritzen, St. Louis, for plaintiff-appellant.

John A. Michener, St. Louis, for defendant-respondent.

SNYDER, Presiding Judge.

This is an appeal from a judgment of the Circuit Court of St. Louis County on appellant's action for damages for personal injuries. Jury verdict and judgment were for plaintiff-appellant in the amount of $3,000. She has now appealed, urging this court to grant her a new trial on the issue of damages only. The judgment is affirmed.

In April of 1979 appellant was dining at respondent's restaurant when she bit down on a piece of glass which was in a salad. Biting on the piece of glass caused damage

to one of appellant's teeth. She sought damages for her medical expenses and pain and suffering.

Appellant contends the trial court erred in not sustaining appellant's objections to two portions of the closing argument of respondent's counsel. She also asserts the trial court erred when it sustained respondent's objection to the reading of certain portions of a dentist's deposition offered in evidence by appellant.

There was no specific allegation of trial error regarding the adequacy of the verdict although in his motion appellant requested a new trial on the issue of damages only.

■ Even if appellant had specifically attacked the adequacy of the verdict in his motion for a new trial, his other assignments of error are not matters for this court's consideration if the court finds the verdict was not inadequate. *Shepherd v. St. Louis—San Francisco Railroad Co.,* 510 S.W.2d 432, 433[1] (Mo.1974). "Errors thus committed were cured by the jury's finding in plaintiff's favor." *Cochran v. Wilson,* 287 Mo. 210, 229 S.W. 1050, 1056[5] (1921); see also *Broughton v. S.S. Kresge Co.,* 26 S.W.2d 838, 840–841[5, 6] (Mo.App.1930).

■ This court has considered whether the jury verdict was inadequate and finds that it was not. "... [T]he jury's exercise of its discretion in the assessment of damages is conclusive unless the verdict is so *shockingly inadequate* as to indicate that it is the result of passion or prejudice or a gross abuse of that discretion." *Ford v. Long,* 514 S.W.2d 378, 380[2] (Mo.App.1974) (emphasis in original).

The jury awarded a substantial amount of damages. The record before this court does not convince it that the award of $3,000 for the injuries to appellant's gums and tooth was an abuse of discretion. See *Ford v. Long, supra* (award of $1,000 for blows suffered to two teeth not grossly or shockingly inadequate).

The judgment is affirmed.

DOWD and GAERTNER, JJ., concur.